■ RUTH PERES, on Behalf of Herself and All Other Motorists of the State of New York, Appellant-Respondent, v. SEA GATE ASSOCIATION, Respondent-Appellant.— In an action permanently to restrain defendant from maintaining a fence, a movable gate and guard, on Neptune Avenue (at or near the westerly side of West 37th Street, in the Borough of Brooklyn) so as to interfere with the free flow of motor vehicle traffic into the Sea Gate community, upon the alleged ground that Neptune Avenue (inside the fence) is a public highway,

and that the maintenance of defendant's fence bars plaintiff and other motorists authorized to use the public highways from passing along Neptune Avenue, unless a so-called license plate, sold by defendant, is exhibited, contrary to the Constitution and laws of the State of New York, the parties cross-appeal as follows: (a) Plaintiff appeals from so much of an order of the Supreme Court, Kings County, entered May 13, 1965, as denied her motion for summary judgment. (b) Defendant appeals from so much of said order as denied its cross motion for the same relief. Order modified by striking out the provision denying defendant's cross motion for summary judgment and by substituting a provision granting such motion. As so modified, order, insofar as appealed from by the respective parties, affirmed, with $10 costs to appellant Sea Gate Association. In our opinion, the plaintiff failed to establish that Neptune Avenue, inside the defendant's private property area, is a public thoroughfare. As a private property owner, the defendant has a right to maintain a fence and guards, and to admit only those members of the public who are satisfactorily identified or have legitimate reason to enter upon its private property (see *Sea Gate Assn.* v. *Gordon,* 24 A D 2d 902.) Beldock, P. J., Ughetta, Brennan, Rabin and Benjamin, JJ., concur.